UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GB INTERNATIONAL, INC., *et al.*,

Plaintiffs,

v.

KRISTINE R. CRANDALL, *et al.*,

Defendants.

Case No. 2:18-cv-227-RAJ

**ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction (Dkt. # 19). For the reasons stated below, Plaintiffs' Motion is **DENIED.**

## II. BACKGROUND

In August 2007, Plaintiff Dong Choel Park established GB International, Inc. (GBI), a Washington company that procures products and services relating to offshore drilling, shipbuilding, military defense, and building infrastructure for companies based in South Korea. Dkt. # 19 at 2. In December 2011, Park established GBI Korea, an affiliate company based in Busan, South Korea. *Id.* Creating GBI Korea allowed GBI to have a corporate presence in Korea and thereby expand its business opportunities. *Id.* at 3. Park is the President and CEO of both companies. *Id.* According to Park, GBI grew substantially between 2013 and 2015 primarily because he was able to cultivate business relationships with the executives of several South Korean companies and because he made

ORDER – 1

prudent decisions about procuring specialized equipment for GBI's customers. *Id*. During this time, GBI grew from a company of four employees to seven employees. *Id*.

From April 2013 to April 2014, Park performed his job duties primarily from abroad. *Id*. at 4. In addition to establishing relationships with South Korean companies, Park claims he attended industry events, negotiated contracts for the purchase and sale of new products, and reviewed reports from subordinate employees on various topics, including regulatory conditions and currency fluctuations. *Id*. at 3–4. Park also claims that he conducted meetings with subordinate employees to formulate corporate goals and policies. *Id*. at 4. While Park had a manager in the U.S., he desired to spend more face-to-face time with his employees. *Id*. In April 2014, Park entered the U.S. on an E-1 visa along with his wife and child who came as derivative family members. *Id*. They are also plaintiffs in this action. *Id.*

On December 23, 2015, GBI filed a Petition for Alien Worker (Form I-140) for Park's benefit, classifying him as a "multinational executive or manager" of GBI. *Id.* Concurrently, Park and his derivative family members each filed an Application for Adjustment of Status (Form I-485). *Id.* While the I-140 petition and the I-485 applications were pending, Park's E-1 visa expired on July 28, 2017. Dkt. # 22 at 6. On December 8, 2017, the U.S. Citizenship and Immigration Services (USCIS) denied GBI's I-140 petition, finding that GBI failed to establish Park was employed in an "executive capacity" from April 2013 to April 2014. Dkt. # 19 at 5. On January 9, 2018, GBI and Park filed a motion to reopen and reconsider the denial of the I-140 petition. Dkt. # 11 at ¶ 30. On August 7, 2018, USCIS again denied GBI's I-140 petition. *Id*. at ¶ 33. On August 8, 2018, USCIS denied the Parks' I-485 applications since the I-140 petition was denied and they otherwise lacked valid immigrant visas. Dkt. # 19 at 5; Dkt. # 22 at 5–6.

On February 13, 2018, Plaintiffs filed a Complaint seeking declaratory and injunctive relief relating to the denial of GBI's I-140 petition. Dkt. # 1. On September 20, 2018, Plaintiffs filed an Amended Complaint. Dkt. # 11. On October 31, 2018, Defendants

ORDER – 2

filed their Answer to the Amended Complaint. Dkt. # 12. On November 27, 2018, Plaintiffs filed a Motion for Summary Judgment. Dkt. # 18. On December 12, 2018, Plaintiffs moved for a preliminary injunction allowing them to remain in the U.S. without accruing adverse immigration consequences. Dkt. # 19. On January 7, 2019, Defendants filed a Cross-Motion for Summary Judgment and response to Plaintiffs' Motion for a Preliminary Injunction. Dkt. # 22. On January 11, 2019, Plaintiffs' filed a reply in support of their Motion for Preliminary Injunction. Dkt. # 23. Plaintiffs' Motion for Preliminary Injunction is now before the Court.

### III. LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must show that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Id.* at 20; *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

Additionally, the Ninth Circuit has held that its "serious questions" version of the sliding scale test for preliminary injunctions survives *Winter* to the following extent: A court may grant a preliminary injunction where the plaintiff (1) demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor and (2) satisfies the other *Winter* factors, *i.e.*, likelihood of irreparable injury and that an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). "'Serious questions' refers to questions which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo." *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1361–62 (9th Cir. 1988).

ORDER – 3

## IV. DISCUSSION

Plaintiffs seek a preliminary injunction "allowing them to remain in the United States while this lawsuit is pending without accruing adverse immigration consequences that may make them inadmissible and ineligible for adjustment status." Dkt. # 19 at 1–2. Specifically, Plaintiffs ask the Court for an order: (1) allowing their I-485 applications to be deemed pending for immigration purposes; (2) permitting them to remain in the United States and to have employment authorization and "advance parole" (permission to travel); and (3) staying any accrual of time toward "unlawful status," "unauthorized employment," and "unlawful presence" for purposes of INA §§ 245(c) and 212(a)(9)(B).

### A. The Merits of Plaintiffs' Claim

The Administrative Procedures Act (APA) permits judicial review of a "final agency action for which there is no other adequate remedy in court." 5. U.S.C. § 704. The Court may only set aside the underlying agency decision if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706(2)(A). Here, Plaintiffs challenge USCIS's denial of GBI's I-140 petition. Accordingly, to obtain a preliminary injunction, Plaintiffs must show they are likely to succeed on their claim that USCIS's denial was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or that serious questions going to the merits of their claim exist. *Stormans, Inc.*, 586 F.3d at 1127; *All. for the Wild Rockies*, 632 F.3d at 1134–35.

In support of their claim, Plaintiffs first contend that the I-140 denial was predicated on a legally incorrect interpretation of the term "executive capacity" as defined in 8 U.S.C. § 1101(a)(44)(B). Dkt. # 19 at 10. GBI's I-140 petition classified Park as a "multinational executive or manager." *Id.* at 4. This required GBI to prove that Park was employed abroad by GBI in a "managerial or executive" capacity in the year preceding his entry to the United States. *See* 8 U.S.C. §1153(b)(1)(C). An employee functions in an "executive capacity" if he primarily (i) directs the management of the organization or a major component or function of the organization; (ii) establishes the goals and policies of the

ORDER – 4

organization, component, or function; (iii) establishes wide latitude in discretionary decision-making; and (iv) receives only general supervision or direction from higher level executives, the board of directors, or stockholders of the organization. 8 U.S.C. § 1101(a)(44)(B).

Plaintiffs submit that USCIS erroneously relied on a definition of "executive capacity" that requires an applicant have an "elevated position within a complex organizational hierarchy." Dkt. # 19 at 10. According to Plaintiffs, USCIS too narrowly concluded that a beneficiary of a I-140 petition must have the ability to "direct the management" of a company, while ignoring that the definition of "executive capacity" also permits an employee to direct a "major component" or "function" of the organization. *Id.* Plaintiffs argue that this incorrect interpretation of law renders USCIS's denial arbitrary, capricious, and not in accordance with law. *Id.* at 11.

Plaintiffs also contend that USCIS's denial fails to comply with §1101(a)(44)(C), which states that if staffing levels are used in determining whether an individual is acting in an executive capacity, then USCIS "shall take into account the reasonable needs of the organization, component, or function in light of the overall purpose and stage of development of the organization, component, or function." 8 U.S.C. §1101(a)(44)(C). Plaintiffs argue that USCIS failed entirely to comply with 8 U.S.C. §1101(a)(44)(C) in evaluating Park's employment from April 2013 to April 2014, the year before he entered the U.S. to work for GBI. *Id.* at 11.

The main issue for the Court is whether Plaintiffs are likely to succeed on the merits of their claim or can demonstrate that serious questions going towards the merits exist. In considering decisions made by USCIS, the Ninth Circuit has held that it is an abuse of discretion for USCIS to act when "the decision was based on an improper understanding of the law." *See Kazarian v. USCIS*, 596 F.3d 1115, 1118 (9th Cir. 2010) (quoting *Tongatapu Woodcraft Hawaii Ltd. v. Feldman*, 736 F.2d 1305, 1308 (9th Cir. 1984)). In reviewing the record, it does not appear that USCIS based its decision on an improper

ORDER – 5

understanding of "executive capacity." In denying GBI's I-140 petition, USCIS explicitly relies on a definition of "executive capacity" that recognizes the executive's ability to direct "major components" or "functions" of the organization. Dkt. # 13 at 111. USCIS also notes that the classification "requires that the duties of a position be 'primarily' executive in nature," as required by the statute, and further explains that, "[w]hether the broad duties attributed to the beneficiary qualify as executive in nature depends in large part on whether the petitioner established that he would have sufficient subordinate staff to supervise and perform the day-to-day company activities he is claimed to oversee or direct." Dkt. # 13 at 111. In GBI's case, USCIS found that the lack of other employees serving as managers and team members likely meant that Park was not relieved from significant involvement in the operational tasks required to operate the business. *Id.* Based on this record, Plaintiffs fail to show that they are likely to succeed on the merits of their claim or that serious questions going toward the merits exist.

Plaintiffs' second contention that USCIS failed to consider the reasonable needs of the organization also falls short. The Ninth Circuit has explained that USCIS cannot use an employer's small size, standing alone, to justify that an employee is not operating in a managerial or executive capacity. *See Family Inc. v. USCIS*, 469 F.2d 1313, 1316 (9th Cir. 2006). The current record appears to show, however, that USCIS considered the reasonable needs of the organization as well as the structure of both GBI and GBI Korea in rendering its decision. Dkt. # 13 at 112. Specifically, USCIS took note of the fact that Park was the only employee in Korea until March 2014 and also noted the general absence of employees who would perform non-managerial or non-executive tasks for the company. *Id*. at 113. USCIS can properly consider an organization's small size as one factor in assessing whether its operations are substantial enough to support a manager or executive. *See Family Inc.*, 469 F.2d at 1316.

In considering the evidence before the Court, Plaintiffs fail to show that they are likely to succeed on their claim that USCIS's denial was "arbitrary, capricious, an abuse of

ORDER – 6

discretion, or otherwise not in accordance with law," or that serious questions going to the merits exist. 5. U.S.C. § 706(2)(A). Thus, even if Plaintiffs met the other requirements for a preliminary injunction, their motion must still fail.

## V. CONCLUSION

Having reviewed the motion, the Complaint, and the applicable law, the Court concludes that Plaintiffs have not carried their burden to establish the elements for a preliminary injunction. For the reasons stated above, the Court **DENIES** Plaintiffs' Motion. Dkt. # 19.

DATED this 29th day of January, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7